Council, please. Good morning, Your Honors. May it please the Court. Council, Mr. Wischnick. My name is Robert Harris. I am Respondent's Attorney representing Employ Call. I would like to bring a few matters to the Court's attention here regarding some of the more serious problems with the case. The first I would like to bring to your attention is the problem I see concerning whether or not the arbitrator determined her opinion based upon a review of all the evidence. You will note that the Commission affirmed the arbitrator and the Circuit Court affirmed. Now, what's wrong with the arbitrator's decision? My concern is that this case involved a lot of medical records and a lot of evaluations and reports, yet the arbitrator's decision fails to mention anywhere the two utilization review reports, nor the four reports from Respondent's IME examination. Why do we have to assume that merely because the arbitrator didn't mention them that the arbitrator didn't consider them? Is there a case that says that? I am going to assume that when the decision fails to even recognize that six important pieces of evidence were admitted, which are the crux of the Respondent's case, and yet there is not one word in her decision discussing them, either criticizing them or even mentioning that they exist, I think it can raise an inference whether or not the arbitrator even considered the evidence, let alone found that this evidence was not credible. No, I cannot say that for sure, but the fact of the matter is this was a very, very important part of our case. Six pieces of evidence from three different physicians, yet I have no idea how the arbitrator viewed these pieces of evidence. I have no idea how the commission viewed these evidence, because no one discusses it. My entire case rests upon the six pieces of evidence. Did you make this argument to the commission? Of course. Well, you made the argument to the commission, and the commission just affirmed the arbitrator. The commission didn't hear you make that argument? They also did not address the particular of these pieces of evidence, which I find to be somewhat, you know, disturbing. But you argued that evidence to both the arbitrator and the commission. I don't know if they considered it or not, because they didn't mention it. They don't have to mention it, do they? What is the case that you rely on that suggests they must mention all evidence they consider? They don't have to. What's your best case? They don't have to, except the arbitrator, by statute, is supposed to make it. I don't have. I don't have a case on that. Okay. But I think it raises the inference that I need to know, if I'm going to base an appeal, how do I base my appeal if I don't even know the basis of the arbitrator's decision? All I know is that the arbitrator discusses Dr. Espinoza. And here's where we get into some other serious problems here. I find it to be inconsistent, contradictory, and illogical, and against the manifest weight here, that the arbitrator, on the one hand, adopts Dr. Espinoza's opinions, finding causal connection, yet goes out of her way to criticize, in a highly critical manner, his opinion that the Petitioner needs surgery. Are the two necessarily connected? Absolutely, in my opinion. Why? I mean, can't someone issue an opinion as to causation, and have a fine effect or agree with them, and then have that same doctor say, but I think he needs this operation, and the fact finder says, no, I don't think so, I think there's evidence in the record that he doesn't need that operation. What's wrong with it? What's wrong with it is this. The doctor's basis for causal connection necessarily is connected with his basis for the argument that the Petitioner needs surgery. If the arbitrator finds that there's sufficient evidence for causal connection for the same conditions for which the doctor is recommending the surgery, I don't believe it's consistent on the one hand. You don't think that's consistent? How about a guy who hurts his arm at work, and the doctor says, it's my opinion that he hurt his arm at work, and my regimen of treatment is to amputate his arm. And another doctor says, what, are you crazy? It's only broken. Does that mean that there's no causation? Because the arbitrator turns around and says, wait a minute, we're not amputating somebody's arm, and I'm not going to suggest they have to pay for it when it's only broken. I mean, why are the two connected in your mind? The arbitrator is basing her opinion that there was insufficient evidence to warrant the surgery by directly attacking Dr. Espinoza's opinions. She is making an independent determination that all this massive evidence in the record, multiple testing, multiple doctor's visits, is not sufficient to support a doctor for whom she does support a causal connection. All she said was, having done so, under the current evidence, the arbitrator finds that such evidence is incomplete to justify the reasonableness or necessity of an L-4-5 fusion and an L-2-3 microdiscectomy without further evaluation and consideration of the symptomatic findings at L-3-4.  She's saying that additional evidence should be provided. That's a little different than saying, I disagree with you, you just, you haven't given me enough evidence to establish, so I'm not going to order it now. Respectfully, Your Honor, I don't take that viewpoint. Did she write that or didn't she, Mr. Hanna? She wrote that, but this is an error, seriously an error, because Dr. Espinoza offers a great deal of testimony in his deposition, in his medical records, supporting the need for the surgery. The arbitrator goes out of her way to tear down the doctor's opinions, finding the need for surgery, basically saying to the doctor, hey, you're wrong on a very serious issue. She's playing, basically, the role of physician herself, saying, you know what? This doctor doesn't know what he's talking about. This doctor says there's enough evidence to support the need for surgery, yet I, the arbitrator, don't think there is enough medical evidence. In other words, what you're saying, stop and think about it, it's an all or nothing proposition. Yes, that's what I supported in my brief. It's inconsistent to argue, oh, I find this doctor credible, I believe his opinion and causal connection, and yet I'm going to offer severe criticisms regarding the need for surgery. She even finds that the doctor makes inconsistent findings. Do you have any case law to back up it has to be an all or nothing proposition? The doctor, if the doctor's opinion on causation is reasonable, and the doctor doesn't believe surgery was indicated at the time, then the doctor's opinion is meaningless, according to you. Nothing specific on that, other than the laws of common sense and logic, and if we're going to follow the rules of credibility, it wouldn't be credible for the arbitrator to parse it, to separate it to that extent. She goes out of her way to find that even his diagnoses are inconsistent, that she wrote in her opinion that the doctor indicated a diagnosis of L-3-4 radiculopathy and L-5 radiculopathy, which is absolutely not supported anywhere in the record. She criticizes him for making this diagnosis, yet she says he offers a credible opinion and causal connection. How can there be causal connection to this diagnosis when the record doesn't even support it? What does causal connection have to do with the need for surgery? Because she's saying he suffered legal issues and logical issues. Now it doesn't even meet the common sense test. Causal connection refers to is his current condition of well-being related to the accident? Why? What does it have to do with surgery? Because the doctor doesn't even know what his current condition of well-being is, yet the arbitrator adopts his opinion. What is his current condition? We have multiple diagnoses. We have multiple opinions. On the one hand, he says, well, we have an L-4, L-5, we need a fusion, maybe L-2-3 microdiscectomy. In this report, he says I have an L-3-4 radiculopathy and an L-5 radiculopathy, where he says nowhere else in any medical record he contradicts himself in his own diagnosis. How can his opinion on causal connection be adopted when he offers different opinions on what is the petitioner's current condition of well-being? We don't even know what it is. In fact, in his very last medical report, I believe in October of 2006, he doesn't even recommend the surgery anymore. He said send him for more physical therapy. He's inconsistent, not only in his diagnosis, but in his career. Well, your opinion is inconsistent. According to you, he can't find a causal connection and not recommend surgery. That's your argument. And you have seated here all morning. There's no case law to support that conclusion, is there? The only thing you have to look at is does this make any sense? And of course, they look at, well, that's why I'm here to argue that I don't believe it makes any sense, especially when the doctor's opinion is so pivotal in this case. Does this man need the surgery? That's what's pivotal here. We have the two U.R. doctors who said no, he doesn't. We have my I.M.E. doctor who says no, he doesn't. And we even happen to have the arbitrator who says no, he doesn't. His own treating physician has improved up the case. The petitioner has not proven the element of the case on the necessity of the treatment, and yet the arbitrator still finds this very same doctor who she just attacks for not providing enough evidence to undergo major surgery, and she adopts his opinion on causal connection when we don't even know what his current condition is. You might have some argument if she'd ordered the prospective surgery, but she didn't do it, did she? No, she didn't. It's remanded back. You get to argue with the commission this necessity for the surgery. She remanded that back. You may have some argument here if what you were arguing against was an order by the commission that you pay for some prospective surgery. You haven't been ordered to pay for any of the surgery, have you? No, we have not. And you get a chance to argue against it, don't you, when it goes back down. My position is that there should not be a second bite of the apple here. What second bite of the apple? He hasn't got a first bite yet. The second bite is the arbitrator and the commission remanding it for providing additional evidence whether or not the surgery is warranted. And to give you an opportunity to argue that it's not. We submit that proofs were closed. The parties had ambushed. This is a 19B, Mr. Harris. You know that. The only thing that's pending here on this is TTD and past medical. What else is pending here? There's no permanency award here, is there? No. Has there been any award for the operation? No. No? So where are the two bites of the apple? The second bite of the apple is the arbitrator providing an opportunity for the petitioner to come back and somehow find more evidence, perhaps have Dr. Espinoza perform a surgery. Every petitioner gets the second bite of the apple when he gets remanded after a 19B to argue for additional medical, for argue for additional TTD, and to argue for permanency, doesn't he? Well, this is not additional. This is going back to the original order. He hasn't been operated on yet. Yes, he has. Not in this. You don't see it. He has after the award. Out of the record. Please. Well, you asked for it. Please. At the point in time when this decision was issued, he had not been operated. That's correct. And we agree that he should not be. We could argue that when it goes back down. No. But one of the, that's not the main point whether or not it should have been remanded. That was one of the issues we had in dispute, that it should not have been remanded, that there was sufficient evidence in the record. Four other doctors said that they viewed all the medical evidence there, and there was sufficient basis to find that there is no need for the surgery. The arbitrator was wrong to find that there was insufficient evidence in the record to make a recommendation whether or not surgery was needed. So what does the surgery have to do with the finding of causal connection? How does that undermine the finding of causal connection? Is the surgery causally related to the accident? We would say no, it's not. He didn't have the surgery. Counsel, you'll have time on rebuttal. Thank you. Counsel, please. Mr. Chairman, I'm pleased to report Neil Wischmick for the petitioner. Our brief clearly states that we consider this nothing more than really a manifest weight argument. And the manifest weight argument is based upon the prior decisions, and I don't think I have to rehash that. Well, yeah, the manifest weight standard I think is pretty clear to all of us, but to pick up on counsel's last point, is the need for surgery an element of causation? No, not as for causation. In fact, I think the commission made it clear based upon the evidence, based upon the EMGs, based upon the MRIs, based upon the discogram and the petitioner's testimony that everything was causally connected. I would spend most of his argument arguing, and you can comment on it briefly, that it was illogical and inconsistent for the arbitrator to adopt Espinoza's finding as the causation, but not on the recommendation of surgery. So how do you succinctly respond to the argument he spent all morning making? There is no inconsistency. The arbitrator adopted the findings basically of the treating physician, which is Dr. Espinoza. She adopted his findings regarding his causal connection. The causal connection he based it upon, that based that element and the elements basically on the testing that was done. The EMGs and the petitioner coming in, testing him. In fact, he even goes through it and he talks about the inconsistencies that he talks about in his brief regarding complaints in his leg that's been justified by the MRIs and, I'll get to your point, I'm sorry. But in the EMGs, the question of surgery, the arbitrator clearly mentions that she's not denying surgery. There's no denial of surgery here. What she's saying is, she's saying that she needs more evidence to say that the surgery is reasonable and necessary. And she's not saying that the doctor is unreasonable and unnecessary. She's saying that she does not have enough there to justify an award for prospective medical treatment. But she does have enough evidence to justify an award for causal connection. And that's the issue here. And the commission agreed with her. And the circuit court agreed with them. And you would agree there's nothing legally or logically inconsistent about those positions? That's correct. And my brief clearly talks about that. Do you have any other questions? Thank you, counsel. Your vote, please. Mr. Harris, I got some problems with the brief. Could you mind telling me what you suggest the standard of review is in this case as to the issues you raised? You gave us all sorts of boilerplate as to the various different standards of review that might be applicable to certain questions. And you never tell us what the standard of review is to the issues you raised. Well, questions of fact, whether or not Dr. Espinoza is credible, that's going to be under manifest weight. Whether or not the arbitrator properly ruled on the remand, I'm not sure if that's an abuse of discretion standard. I'm not sure exactly what that might be. I think you've got to tell us, don't you? I think it's going to be required to do that. I think it should be. Then the other thing you did was you indicate here, you fix your first issue for review as to whether the circuit court manifestly erred and abused its discretion in affirming the commission's finding that the claimant's current condition of ill-being related to the current complaints of his back were causally connected to the accident of August the 22nd, 2005. Yes. We review the commission's decision, not the circuit court. We affirm or reverse the circuit court, but we review the commission. So the issue is whether the commission's decision is, I think you're saying, against the manifest weight of the evidence, but I'm at a loss to really find that in the brief. Well, yes, that's true. And on the point that was just raised by counsel, the arbitrator here, in my opinion, abused her discretion because she, in my opinion, is assuming the role of being a physician. She is deciding which evidence, which medical opinions she wants to agree with. She's not judging. She's not weighing the differences in conflicting opinions. She's not saying, I'm going to adopt Dr. A over Dr. B. She's picking and choosing how she thinks this course of treatment should proceed in the future. It's not her determination to decide whether Dr. Espinoza was correct medically in his judgment whether surgery is proper or not. She's second-guessing a doctor and a medical opinion. She can say, I don't agree with Dr. Espinoza's conclusions. I'd rather agree with Dr. Ickens and the UR doctors that there's no need for this surgery. But she is choosing a third path all on her own, and she's looking at all the medical records and all the medical evidence that was taken by orders of the doctor that she finds credible, the doctor that she finds cause of connection. She's saying that doctor is wrong. I don't agree with Dr. Espinoza. There's not enough medical evidence here to warrant a surgery. How could she, on the one hand, basically say, doctor, you're wrong. You're wrong to order this surgery. I know better than you. There's not enough evidence here. But, oh, okay, I'll adopt her opinion cause of connection because, you know, you know what you're talking about. To me, it makes no sense. She's attacking a medical opinion of a treating physician saying he is wrong to have ordered the surgery. This is the treater. But yet she's also finding the treater is right on the threshold issue of causal connection. I mean, to me, it makes no sense. There was plenty of evidence here. All the other doctors reviewed the evidence, the two UR doctors, Dr. Ickens and four reports. No one said, I don't have enough evidence to determine whether or not surgery is warranted. They all had enough evidence. Even the EMG doctor in her reports with, by the way, and there's conflicting findings between the correlation of clinical findings and objective testing, which the arbitrator pointed out, and yet she still finds this causal connection. The EMG doctor doesn't say he needs surgery. It's only Dr. Espinoza, and yet the arbitrator says, no way, no surgery for you. I want more evidence. Doctor, you haven't done your job in obtaining enough evidence. And so I find that to be not credible. Thank you. Thank you, counsel. The court will take the matter under advisory for disposition.